1
2
3
4
5
6
7

8                        UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   BOSHRA AL-BAYATI,                          No. 2:14-cv-02251 CKD (TEMP)

12            Plaintiff,

13        v.                                    ORDER

14   CAROLYN W. COLVIN, Commissioner
     of Social Security,
15

16            Defendant.

17

18        This social security action was submitted to the court without oral argument for ruling on

19   plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment.[1]

20   For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is

21   granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

22                            PROCEDURAL BACKGROUND

23        On March 25, 2011, plaintiff filed an application for Disability Insurance Benefits

24   ("DIB") under Title II of the Social Security Act ("the Act"), alleging disability beginning on

25   April 15, 2008.  (Transcript ("Tr.") at 127-33.)  Plaintiff's application was denied initially, (id. at

26   82-85), and upon reconsideration.  (Id. at 86-88.)  Plaintiff requested a hearing and a hearing was

27   _____

28   [1]  Both parties have previously consented to Magistrate Judge jurisdiction over this action
     pursuant to 28 U.S.C. § 636(c).  See Dkt. Nos. 5 & 7.

                                        1

1    held before an Administrative Law Judge ("ALJ") on December 11, 2012.  (Id. at 40-67.)

2    Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 40-41.)

3         In a decision issued on February 21, 2013, the ALJ found that plaintiff was not disabled.

4    (Id. at 33.)   The ALJ entered the following findings:

5            1.  The claimant last met the insured status requirements of the
             Social Security Act on December 31, 2012.
6

7            2.  The claimant did not engage in substantial gainful activity
             during the period from her alleged onset date of April 15, 2008
             through her date last insured of December 31, 2012 (20 CFR
8            404.1571 et seq).

9            3.  Through the date last insured, the claimant had the following
             severe impairments: bilateral knee degenerative joint disease,
10           lumbar strain with degenerative disc disease, and diabetes with
             neuropathy (20 CFR 404.1520(c)).
11

12           4.  Through the date last insured, the claimant did not have an
             impairment or combination of impairments that met or medically
             equaled the severity of one of the listed impairments in 20 CFR Part
13           404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and
             404.1526).
14

15           5.  After careful consideration of the entire record, the undersigned
             finds that, through the date last insured, the claimant had the
16           residual functional capacity to perform medium work as defined in
             20 CFR 404.1567(c) except she cannot climb ladders, ropes, and
             scaffolds.  The claimant should avoid working at heights and
17           around dangerous machinery.

18           6.  Through the date last insured, the claimant was capable of
             performing past relevant work as a home health aide.  This work
19           did not require the performance of work-related activities precluded
             by the claimant's residual functional capacity (20 CFR 404.1565).
20

21           7.  The claimant was not under a disability, as defined in the Social
             Security Act, at any time from April 15, 2008, the alleged onset
22           date, through December 31, 2012, the date last insured (20 CFR
             404.1520(f)).

23   (Id. at 22-32.)

24        On August 20, 2014, the Appeals Council denied plaintiff's request for review of the

25   ALJ's February 21, 2013 decision.  (Id. at 1-3.)  Plaintiff sought judicial review pursuant to 42

26   U.S.C. § 405(g) by filing the complaint in this action on September 29, 2014.

27   /////

28   /////

2

1  LEGAL STANDARD

2      "The district court reviews the Commissioner's final decision for substantial evidence,

3  and the Commissioner's decision will be disturbed only if it is not supported by substantial

4  evidence or is based on legal error."  Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012).

5  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to

6  support a conclusion.  Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v.

7  Chater, 108 F.3d 978, 980 (9th Cir. 1997).

8      "[A] reviewing court must consider the entire record as a whole and may not affirm

9  simply by isolating a 'specific quantum of supporting evidence.'"  Robbins v. Soc. Sec. Admin.,

10  466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.

11  1989)).  If, however, "the record considered as a whole can reasonably support either affirming or

12  reversing the Commissioner's decision, we must affirm."  McCartey v. Massanari, 298 F.3d

13  1072, 1075 (9th Cir. 2002).

14      A five-step evaluation process is used to determine whether a claimant is disabled. 20

15  C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007).  The five-step

16  process has been summarized as follows:

17
18          Step one:  Is the claimant engaging in substantial gainful activity?
            If so, the claimant is found not disabled.  If not, proceed to step
            two.

19
20          Step two:  Does the claimant have a "severe" impairment?  If so,
            proceed to step three.  If not, then a finding of not disabled is
            appropriate.

21
22
23          Step three:   Does the claimant's impairment or combination of
            impairments meet or equal an impairment listed in 20 C.F.R., Pt.
            404, Subpt. P, App. 1?  If so, the claimant is automatically
            determined disabled.  If not, proceed to step four.

24          Step four:  Is the claimant capable of performing his past work?  If
            so, the claimant is not disabled. If not, proceed to step five.

25
26          Step five:  Does the claimant have the residual functional capacity
            to perform any other work?  If so, the claimant is not disabled.  If
            not, the claimant is disabled.

27  Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

28  /////

3

1    The claimant bears the burden of proof in the first four steps of the sequential evaluation

2    process.  Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987).  The Commissioner bears the burden

3    if the sequential evaluation process proceeds to step five.  Id.; Tackett v. Apfel, 180 F.3d 1094,

4    1098 (9th Cir. 1999).

5    APPLICATION

6    In her pending motion plaintiff asserts the following five principal claims: (1) the ALJ

7    erred in determining plaintiff's alleged onset date; (2) substantial evidence does not support the

8    ALJ's finding that plaintiff can perform past relevant work; (3) the ALJ failed to consider the

9    combination of plaintiff's impairments; (4) the ALJ improperly rejected plaintiff's own subjective

10   testimony; and (5) the ALJ's treatment of the medical opinion evidence constituted error.

11   **I.      Alleged Onset**

12   Plaintiff argues that the ALJ erred in determining plaintiff's alleged onset date.  In this

13   regard, plaintiff argues that there "are three potential onset dates in the record."  (Pl.'s MSJ (Dkt.

14   No. 17) at 17.[2])  The first is April 15, 2008, the date plaintiff listed in her application for disability

15   benefits.  The second is April 1, 2009, the date used in a prehearing brief.  And the third is simply

16   "2010," a date provided by way of a letter submitted by plaintiff to the Commissioner.  (Id.)

17   Plaintiff argues that "the ALJ chose the date the (sic) 2008, despite that it is not what the claimant

18   wanted," and that "[i]f the treating physician's opinion is given full weight, [plaintiff] would have

19   been found disabled at Step 5 of the sequential evaluation with the 2010 onset date."  (Id.)

20   Obviously, plaintiff's argument assumes that the treating physician's opinion should have

21   been given full weight, an assumption which is incorrect for the reasons discussed below.

22   Moreover, the question before the ALJ was whether plaintiff had been under a disability "at any

23   time from April 15, 2008 . . . through December 31, 2012."  (Tr. at 32.)  In this regard, the ALJ's

24   use of the April 15, 2008 date, the earliest possible date plaintiff could have been disabled, did

25   not harm plaintiff.  See generally Renstrom v. Astrue, 680 F.3d 1057, 1068 (8th Cir. 2012) ("any

26   error regarding Renstrom's substantial gainful activity was harmless, because the ALJ explicitly

27

28   [2] Page number citations such as this one are to the page numbers reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1    found Renstrom was not disabled from his alleged onset date through the date he was last

2    insured—including the challenged 2002 and 2003 time periods").

3          Accordingly, plaintiff is not entitled to relief with respect to this claim.

4    **II.    Past Relevant Work**

5          Plaintiff argues that the ALJ erred at step four of the sequential evaluation by concluding

6    that the plaintiff could perform past relevant work as it was generally performed without making

7    a finding "as to how [plaintiff] actually performed her work."  (Pl.'s MSJ (Dkt. No. 17) at 18-20.)

8    However, the Ninth Circuit has "never required explicit findings at step four regarding a

9    claimant's past relevant work both as generally performed and as actually performed."  Pinto v.

10   Massanari, 249 F.3d 840, 845 (9th Cir. 2001); see also Lewis v. Barnhart, 281 F.3d 1081, 1083

11   (9th Cir. 2002) ("A claimant must be able to perform her past relevant work either as actually

12   performed or as generally performed in the national economy.); Villa v. Heckler, 797 F.2d 794,

13   798 (9th Cir. 1986) ("The claimant has the burden of proving an inability to return to his former

14   type of work and not just to his former job.").

15         Moreover, even assuming arguendo that the ALJ had committed an error at step four, any

16   such error would be harmless because the ALJ made an alternative step five finding that plaintiff

17   could also perform other jobs in the national economy.  (Tr. at 31-32.)  See Tommasetti v. Astrue,

18   533 F.3d 1035, 1042 (9th Cir. 2008); see also Cadena v. Astrue, 365 Fed. Appx. 777, 780 (9th

19   Cir. 2010) ("the ALJ's alternative ruling at step five—that Cadena could perform light, unskilled

20   work that existed in significant numbers in the national economy—renders the step four error

21   harmless").[3]

22         Accordingly, plaintiff is also not entitled to relief with respect to this claim.

23   **III.   Plaintiff's Combined Impairments**

24         Plaintiff next argues that the ALJ failed to consider the impairments caused by her

25   hypertension, diabetes, "impairments that produce pain," obesity, and depression.  (Pl.'s MSJ

26   (Dkt. No. 17) at 20-22.)  Contrary to plaintiff's assertion, however, the ALJ's decision expressly

27

28   [3] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

1  considered these impairments.

2          In this regard, the ALJ's decision discussed plaintiff's "poorly controlled hypertension

3  and diabetes," noting that plaintiff "has not been hospitalized or been referred for specialized

4  treatment and examinations have not reflected any end organ damage," and that both conditions

5  appeared to be complicated by plaintiff's lack of compliance with her prescribed medications.

6  (Tr. at 24, 28.)  Similarly, the ALJ's decision discussed plaintiff's "ongoing joint pain, primarily

7  over her back and knees," noting that "examinations have not reflected any significant

8  abnormality over any joint, including swelling over the knees," and "examinations have not

9  described any loss of motor strength over the lower extremities or muscle wasting or atrophy,

10  findings usually associated with severe pain . . . ." (Id. at 28.)  Nonetheless, the ALJ found it

11  appropriate "given the overall effect of her joint pain and diabetes . . . to limit [plaintiff] to the

12  performance of medium work." (Id. at 30.)

13          The ALJ's decision also discussed plaintiff's weight, finding that "[a]lthough the claimant

14  is overweight, the record is devoid of any objective findings showing that her weight causes any

15  serious related limitations," and "no examiner has suggested that she experiences any additional

16  limitations due to her weight." (Id. at 29.)  The ALJ's decision also discussed plaintiff's "serious

17  mental limitations," noting that "the record does not show that she participates in any dedicated

18  course of medical or non-medical treatment for her complaints." (Id.)  Moreover, the decision

19  noted that plaintiff's treating physician did not refer plaintiff for "mental health treatment." (Id.

20  at 30.)

21          Accordingly, plaintiff is also not entitled to relief with respect to this claim.

22  **IV.    Plaintiff's Subjective Testimony**

23          Plaintiff argues that the ALJ's finding that plaintiff's allegations of pain were not credible

24  was "not supported by substantial evidence." (Pl.'s MSJ (Dkt. No. 17) at 23.)  The Ninth Circuit

25  has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

26          To determine whether a claimant's testimony regarding subjective
          pain or symptoms is credible, an ALJ must engage in a two-step
27          analysis.  First, the ALJ must determine whether the claimant has
          presented objective medical evidence of an underlying impairment
28          which could reasonably be expected to produce the pain or other

> symptoms alleged.  The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom.  Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted).  "The clear and convincing standard is the most demanding required in Social Security cases."  Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002).  "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ."  Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints."  Valentine v. Comm'r of Soc. Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)).  In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains."  Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)).  If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing."  Id.

Here, the ALJ's decision provided several reasons for rejecting plaintiff's testimony.  In this regard, the ALJ noted that plaintiff "gave very little effort during testing."  (Tr. at 29.)  The ALJ also noted that an examining physician found that plaintiff's complaints were "significantly out of proportion to the objective findings," and that four months after plaintiff claimed to have

diminished vision she was found to have 20/20 vision.  (Id.)  Those findings are supported by the

record, id. at 205, 265, 272-74, 493, and are a specific, clear and convincing reason for rejecting

plaintiff's testimony.  See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("efforts to

impede accurate testing of her limitations supports the ALJ's determinations as to her lack of

credibility"); Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996) (ALJ may employ "ordinary

techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent

statements concerning the symptoms, and other testimony by the claimant that appears less than

candid").

The ALJ also rejected plaintiff's testimony because plaintiff had not been fully compliant

with taking her prescribed medications and had received essentially conservative treatment.  (Tr.

at 28-29.)  These findings are supported by the record, id. at 265, 345, 640, and are also specific,

clear and convincing reasons for rejecting plaintiff's testimony.  See Bunnell v. Sullivan, 947

F.2d 341, 346 (9th Cir. 1991) (en banc) (ALJ may properly rely on plaintiff's unexplained failure

to request treatment consistent with the alleged severity of her symptoms.); Fair v. Bowen, 885

F.2d 597, 604 (9th Cir. 1989) (ALJ permissibly considered discrepancies between claimant's

allegations of "persistent and increasingly severe pain" and the nature and extent of treatment

obtained).

Accordingly, plaintiff is also not entitled to relief with respect to this claim.

**V.       Medical Opinion Evidence**

Plaintiff also argues that the ALJ erred by rejecting the opinion of her treating physician,

Dr. Peter Droubay.  (Pl.'s MSJ (Dkt. No. 17) at 29-33.)

The weight to be given to medical opinions in Social Security disability cases depends in

part on whether the opinions are proffered by treating, examining, or nonexamining health

professionals.  Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989).  "As a

general rule, more weight should be given to the opinion of a treating source than to the opinion

of doctors who do not treat the claimant . . . ."  Lester, 81 F.3d at 830.  This is so because a

treating doctor is employed to cure and has a greater opportunity to know and observe the patient

as an individual.  Smolen, 80 F.3d at 1285; Bates v. Sullivan, 894 F.2d 1059, 1063 (9th Cir.

1990).  The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record.  Lester, 81 F.3d at 830-31.  "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician."  (Id. at 831.)  Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'"  Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, on February 15, 2012, Dr. Peter Droubay, M.D., who specializes in internal medicine, completed a "Treating Source Assessment" in which he opined that plaintiff could lift only 2 pounds frequently, could only stand and walk for 15 minutes without interruption, 1 hour total, could sit no more than 4 hours in an 8-hour work day, would be absent from work as a result of her impairments three or more days per month, and was markedly restricted in her activities of daily living, social functioning and ability to maintain concentration, persistence or pace.  (Tr. at 636-39.)

The ALJ, however, gave "little weight," to Dr. Droubay's February 15, 2012 opinion due to "the evidence of record, including inconsistencies in [Dr. Droubay's] statements."  (Id. at 27.) The ALJ supported this finding by noting that Dr. Droubay's opinion "contrasts sharply" with the opinions of the four examining physicians.  In this regard, on August 30, 2008, Dr. Avinash Ramchandani, M.D., administered a comprehensive neurological examination.  (Id. at 203-06.) On October 12, 2008, Dr. Silvia Torrez, Psy. D., administered a comprehensive psychiatric evaluation.  (Id. at 209-14.)  On June 17, 2011, Dr. Fabria Vesali, M.D. administered a comprehensive orthopedic evaluation.  (Id. at 263-67.)  And on July 7, 2011, T. Renfro, Psy. D., administered a comprehensive psychological evaluation.  (Id. at 268-76.)  Dr. Droubay's opinion was inconsistent with, and contradicted by, the findings of each of these examining physicians.

9

1    Moreover, Dr. Droubay's February 15, 2012 opinion was also inconsistent with Dr.

2    Droubay's own assessment offered just 3 months earlier.  (Id. at 26-27.)  In this regard, after a

3    November 8, 2011 office visit, Dr. Droubay noted that he could not "really tell if [plaintiff] is

4    impaired mentally . . . ."  (Id. at 326.)  Moreover, Dr. Droubay stated that, although he believed

5    plaintiff was "disabled," he could not "assess her disability," though plaintiff was "not disabled

6    physically from motor standpoint," and "needs evaluation by psychiatry."  (Id.)

7    In this regard, the undersigned finds that the ALJ offered specific and legitimate reasons

8    supported by substantial evidence in the record for discrediting Dr. Droubay's opinion.  See

9    Ghanim v. Colvin, 763 F.3d 1154, 1161 (9th Cir. 2014) ("A conflict between treatment notes and

10   a treating provider's opinions may constitute an adequate reason to discredit the opinions of a

11   treating physician or another treating provider."); Connett v. Barnhart, 340 F.3d 871, 875 (9th

12   Cir. 2003) ("We hold that the ALJ properly found that Dr. Magsarili's extensive conclusions

13   regarding Connett's limitations are not supported by his own treatment notes."); Andrews v.

14   Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) ("Where the opinion of the claimant's treating

15   physician is contradicted, and the opinion of a nontreating source is based on independent clinical

16   findings that differ from those of the treating physician, the opinion of the nontreating source may

17   itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict.").

18   Accordingly, plaintiff is also not entitled to relief with respect to this claim.

19                                    CONCLUSION

20   The court finds that plaintiff is not entitled to summary judgment in her favor with respect

21   to any of the arguments advanced in her pending motion.

22   Accordingly, IT IS HEREBY ORDERED that:

23        1.  Plaintiff's motion for summary judgment (Dkt. No. 17) is denied;

24        2.  Defendant's cross-motion for summary judgment (Dkt. No. 20) is granted; and

25        3.  The decision of the Commissioner of Social Security is affirmed.

26   Dated:  February 18, 2016

27                                    _____

                                      CAROLYN K. DELANEY
28   BVD\al-bayati2251.ord.docx       UNITED STATES MAGISTRATE JUDGE

                                      10